## NEW-YORK COMMON PLEAS.

### Livsey agt. Landers.

Where an execution has been issued against the property of the defendant, and returned unsatisfied, and on an allegation that the debt for which the judgment was obtained was *fraudulently* contracted, an execution against the *person* of the defendant cannot issue, unless it appears that the *action* was one in which the defendant might have been *arrested*.

And this applies to actions commenced and judgments originally rendered in a justice's court, where transcripts have been filed in the county or common pleas court.

*New-York Special Term, Jan.,* 1856.

MOTION to vacate order directing an execution against the person to issue.

—— ———— *for motion.*
—— ———— *opposed.*

BRADY, Judge. The order directing an execution against the person of the defendant in this action, was made under § 288 of the Code of Procedure, which is as follows :—

" If the *action* be one in which the defendant *might have been arrested, as provided in* §§ 179 and 181, an execution against the person of the judgment-debtor, may be issued to any county within the jurisdiction of the court, after the return of an execution against his property unsatisfied, in whole or in part,"— and upon the allegation that the debt, for which the judgment had been rendered, was fraudulently contracted.

The action was commenced in the justice's court for the 3d district of the city of New-York, to recover for services rendered and materials found, and a transcript of the judgment rendered therein, filed, as provided by § 68 ; but although by that section the judgment of that court, by filing a transcript thereof, is *to be deemed* a judgment of the court of common pleas, and enforced in the same manner, the *action* so com-

menced was not one in which the defendant *might have been arrested*. That court had no jurisdiction to arrest the defendant. (*The People ex rel. Corlis* agt. *Smith*, 9 *How. Pr. R.* 464.)

For this reason, without reference to the questions suggested on the motion, the order allowing the execution to issue must be vacated, and the execution issued thereon set aside, with $10 costs—the defendant stipulating not to sue.